1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KEVIN DANIEL DILL,                    No. CIV S-07-1277-LEW-CMK-P

12                Plaintiff,

13         vs.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14   SHASTA COUNTY JAIL STAFF,
     et al.,

15

16                Defendants.

17   _____/

18         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

19   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on June 28,

20   2007.

21         The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

                                          1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff claims that he was "erroneously intered [sic] and publicly ran as a sex offender on the internet" by defendants.   Given plaintiff's allegation that his incarceration is based on some kind of error, he necessarily challenges the fact or duration of his confinement. Success on the instant claim would imply the invalidity of his conviction and/or sentence.

When a prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Similarly, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to

1  malicious prosecution action which includes as an element a finding that the criminal proceeding

2  was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

3  (concluding that § 1983 claim not cognizable because allegations of procedural defects were an

4  attempt to challenge substantive result in parole hearing); but see Neal, 131 F.3d at 824

5  (concluding that § 1983 claim was cognizable because challenge was to conditions for parole

6  eligibility and not to any particular parole determination).

7  If a § 1983 complaint states claims which sound in habeas, the court should not

8  convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such

9  claims must be dismissed without prejudice and the complaint should proceed on any remaining

10  cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49

11  F.3d at 585.

12  Because the only claim raised in this case implies the invalidity of plaintiff's

13  underlying conviction and/or sentence, he may not proceed under § 1983.  This action must be

14  dismissed without prejudice to plaintiff's right to challenge the conviction and/or sentence by

15  way of habeas corpus.  Further, because it is not possible that the deficiencies identified herein

16  can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to

17  dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000)

18  (en banc).

19  Based on the foregoing, the undersigned recommends that this action be

20  dismissed, without prejudice.

21  These findings and recommendations are submitted to the United States District

22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

25  / / /

26  / / /

3

Findings and Recommendations."  Failure to file objections within the specified time may waive

the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   August 17, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE